FILED
NOV 1 4 2007
11-14-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee,<br><br>  Plaintiffs,<br><br>v.<br><br>RALPH JONES CONTRACTORS, INC., a Missouri corporation,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.<br>) 07cv6454<br>) JUDGE ASPEN<br>) MAG. JUDGE VALDEZ<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") and Howard McDougall, one of its present trustees, for their cause of action against Defendant Ralph Jones Contractors, Inc., a Missouri corporation ("Ralph Jones"), allege as follows:

### JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), <u>as amended</u> by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §1001, et seq. (1982), and is a suit to recover employer contributions owed to the Trustees of the Pension Fund by Defendant Ralph Jones.

2. This Court has jurisdiction over this action pursuant to §§ 502(e) and 502(f) of ERISA, 29 U.S.C. §§1132(e) and 1132(f).

3.  The Pension Fund is administered in its principal place of business located in Rosemont, Illinois. Venue is proper in this District under Sections 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2). Venue is also proper in this District because the forum selection clause of the Pension Fund Trust Agreement ("Trust Agreement") selects this district for lawsuits filed by the Pension Fund.

## PARTIES AND RELATIONSHIP

4.  Plaintiff Pension Fund is a multiemployer pension plan, within the meaning of Section 3(37) of ERISA, 29 U.S.C. §1002(37) and an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3).

5.  The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers.

6.  All principal and income from such contributions and investments thereof are held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses of the Pension Fund.

7.  Plaintiff Howard McDougall is a trustee and a "fiduciary" of the Pension Fund within the meaning of §3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois 60018.

8.  Pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §§1132(a)(3), the Trustees, including Plaintiff Howard McDougall, are authorized to bring this action on

behalf of the Pension Fund, its participants, and beneficiaries for the purpose of collecting delinquent employer contributions.

9. Defendant Ralph Jones is a Missouri corporation and an "employer" and a "party-in-interest" as those terms are defined, respectively, by §§3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§1002(5) and 1002(14)(C).

10. Local Union No. 682 ("Local 682") of the IBT is a labor organization which represents, for the purpose of collective bargaining, certain employees of Ralph Jones and employees of other employers in industries affecting interstate commerce.

## CERTAIN RELEVANT BACKGROUND EVENTS

11. Ralph Jones entered into and agreed to be bound by a collective bargaining agreement with Local 682 covering the period of May 1, 2006 through April 30, 2011, pursuant to which Ralph Jones agreed to pay contributions to the Pension Fund on behalf of certain covered employees.

12. Ralph Jones agreed to be bound by the Trust Agreement, which requires Ralph Jones to "make continuing and prompt payments to the [Pension] Fund as required by the applicable collective bargaining agreements."

13. Ralph Jones also entered into a Participation Agreement with Local 682 that requires Ralph Jones to pay contributions to the Pension Fund.

14. The Pension Fund relies upon participating employers to self-report the work history of eligible employees in order to prepare a monthly bill and determine benefit eligibility.

15. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks and/or days worked by the eligible employees.

16. Ralph Jones reported the work history of its employees to the Pension Fund for the period of March 2007 through October 2007.

17. The Pension Fund Trust Agreement provides, in part, that:

> Non-payment by an Employer of any moneys due shall not relieve any other Employer from his obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any contributions, withdrawal liability or other moneys due to the Trustees from the date when the payment was due to the date when the payment is made together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law. The interest payable by an Employer, in accordance with the preceding sentence, shall be computed and charged to the Employer at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged. Any judgment against an employer for contributions or withdrawal liability owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid contributions or withdrawal liability. The interest rate after entry of a judgment against an Employer for contributions or withdrawal liability shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged and shall be compounded annually.

## STATUTORY AUTHORITY

18. ERISA §515, 29 U.S.C. §1145 provides that:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

19. ERISA §502(g)(2), 29 U.S.C. §1132(g)(2), provides that:

(2) In any action under this title by a fiduciary for or on behalf of a plan to enforce §515 in which a judgment in favor of the plan is awarded, the court shall award the plan –

   (A) the unpaid contributions,

   (B) interest on the unpaid contributions,

   (C) an amount equal to the greater of –

      (i) interest on the unpaid contributions, or

      (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

   (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

   (E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under §6621 of the Internal Revenue Code of 1954.

## STATUTORY AND CONTRACTUAL VIOLATIONS

20.     Ralph Jones has breached the provisions of ERISA, the collective bargaining agreement, the Participation Agreement and the Trust Agreement by failing to pay all of the contributions (and interest due thereon) that the employee work history it reported to the Pension Fund revealed to be owed for the period of March 2007 through October 2007.

21.     Despite demands that Ralph Jones perform its statutory and contractual obligations with respect to making contributions to the Pension Fund, Ralph Jones has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraph 20.

22.     Ralph Jones owes to the Pension Fund in excess of $3,743.36 for unpaid contributions and interest accumulated thereon through October 31, 2007 as a result of the conduct set forth in paragraph 20.

**WHEREFORE**, Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, Trustee, request the following relief against Defendant Ralph Jones Contractors, Inc., a Missouri corporation:

(a)     a judgment against Ralph Jones in favor of the Pension Fund for all contributions that are owed as of the date of the judgment based upon employee work history reported by Ralph Jones plus the greater of double interest or single interest plus liquidated damages and all attorneys' fees and costs incurred by the Pension Fund in connection with this action;

(b)     Post-judgment interest at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged;

(c)     That this Court retain jurisdiction pending compliance with its orders; and

(d)     Such further or different relief as the Court may deem proper and just.

Respectfully submitted,

Laura B. Bacon
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Pension Fund
9377 W. Higgins Road, 10th Floor
Rosemont, Illinois 60018-4938
(847) 518-9800, Ext. 3704
ARDC # 6288982
lbacon@centralstatesfunds.org